IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMOS FINANCIAL, LLC,

    Plaintiff,

    v.

PAUL KIEBLER, IV, *ET AL.*,

    Defendants.

14cv0531
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RE: DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (DOC. NO. 5)**

## I. Introduction

This case centers on debts allegedly owed by Defendants to Plaintiff, Amos Financial, LLC. Doc. No. 1. Five individuals and the Kellaur Corporation are named as Defendants. This Court's jurisdiction is based on diversity of citizenship. Presently before the Court is a Motion to Dismiss filed by all Defendants in which they move the Court to dismiss Plaintiff's Complaint in its entirety and with prejudice. Doc. No. 5. The Motion has been fully briefed and is ripe for disposition. For the following reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. No. 5) will be DENIED.

## II. Statement of the Facts

The facts of the case, taken as true solely for the purpose of this Memorandum Order, are:

Defendants personally guaranteed the debts of Village of Sewickley Hills, LLC. Doc. No. 1, ¶ 9. Amounts are now owed on promissory notes dated: January 12, 2004; March 23, 2004; February 21, 2005; June 24, 2005; March 25, 2008; and April 12, 2004. Id. at ¶¶ 10-15. These debts were assigned to Plaintiff by Huntington National Bank. Id. at ¶ 17. Plaintiff has

the right to enforce the guarantees. Id. at ¶ 18. The applicable Promissory Notes provided for interest and late fees. Id. at ¶ 19.

Defendants guaranteed the debts up to certain percentages of the total amounts. Id. at ¶¶ 21, 26, 31, 36, 41, 46. Plaintiff advances six causes of action demanding judgment against Defendants in the following amounts: Count 1: Defendant Paul E. Kiebler, IV for $4,168,969.60, plus a per diem of $348.15; Count 2: Defendant Joseph T. Svete for $2,786,867.58, plus a per diem of $235.89; Count 3: Defendant Kenneth M. Lapine for $2,234,026.77, plus a per diem of $190.98; Count IV: Defendant Lawrence J. Dorsch for $2,032,096.64, plus a per diem of $173.57; Count V: Defendant John R. Hess, Jr. for $1,819,396.17, plus a per diem of $157.30; and Count VI: Defendant The Kellaur Corp. for $1,520,312.22, plus a per diem of $123.49. Id. at ¶¶ 20-47.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more

than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563, n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

IV. **Discussion**

As previously noted, this case centers on six promissory notes, dated as follows: January 12, 2004; March 23, 2004; February 21, 2005; June 24, 2005; March 25, 2008; and April 12, 2004. Doc. No. 1, ¶¶ 10-15. In support of their Motion, Defendants contend that:

3

(1) Plaintiff's causes of action are barred by the Commonwealth of Pennsylvania's Deficiency Judgment Act and the applicable statute of limitations;

(2) the Promissory Notes dated June 24, 2005 (in the original principal amount of $125,000.00) and April 12, 2004 (in the original principal amount of $450,000.00) are unenforceable; and

(3) enforcement of the Promissory Notes dated January 12, 2004 (in the original principal amount of $2,080,080.00) and March 23, 2004 (in the original principal amount of $4,800,00.00) are barred by *res judicata*. Doc. No. 6.

Plaintiff contends that Defendants' arguments are premature because they are improperly based on factual disputes. Doc. No. 9. The Court agrees.

It is premature, at this early stage of litigation, for the Court to rule on issues such as whether Huntington Bank had possession of the instrument and was entitled to enforce it when the loss of possession occurred or whether a petition to fix fair market value was filed within six months after delivery of a Sheriff's Deed because these are factual determinations that cannot be made without the benefit of discovery. The Parties also dispute the relevant statute of limitations and the date at which the statute of limitations was triggered, which also appears to be a fact-specific inquiry. Although styled, in the alternative, as a Motion for Summary Judgment, all of Defendants' arguments are premature before the close of discovery because Plaintiff's factual averments support cognizable claims for relief. Defendants' arguments may be re-raised in a Motion for Summary Judgment after discovery.

## V. Order

AND NOW, this 8th day of July, 2014, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss for Failure to State a Claim or, in the Alternative Motion for Summary Judgment (Doc. No. 5) is **DENIED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties